Receipt number AUSFCC-11482657

# THE UNITED STATES COURT OF FEDERAL CLAIMS

3751 WESIX QOZ, LP, 3751 WESIX QOZ, LLC,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 26-1416 C

Judge: Hon. ___________________

## COMPLAINT FOR BREACH OF CONTRACT AND DAMAGES

**Parties**

1. Plaintiffs 3751 WESIX QOZ, LP, and 3751 WESIX QOZ, LLC ("3751 WESIX"), are a limited partnership and limited liability corporation, respectively, each with its principal place of business located in Los Angeles, California.

2. Defendant is the United States of America ("United States'), acting by and through its agency the United States Postal Service ("Postal Service").

**Jurisdiction**

3. This Court has jurisdiction under the Tucker Act and 28 U.S.C. §1491 (a)(1) because this Court can render judgment upon any claim against the United States founded upon an express or implied contract with the United States.

4. Plaintiffs 3751 WESIX entered into a contract with the Postal Service, lease number F00000399047 ("lease contract"), as set forth below in paragraphs five through ten.

5. In August 2013, SBS Properties, Inc., entered a lease contract with the Postal Service whereby the Postal Service leased the Los Angeles Sanford Station at 3751 W. 6th Street, 90020-9998. The Contracting Officer, Bradford W. Meador, signed the lease contract, witnessed by a Notary, on November 25, 2013. A copy of the full lease contract, with the General Conditions, Maintenance Rider, Tax Rider, Utilities, Services & Equipment Rider, plus, the Mortgagee's Agreement, is attached, hereto, as Exhibit A.

6. The lease contract contained a five (5) year renewal term, at the Postal Service's option, beginning August 24, 2019, and expiring on August 3, 2024.

7. The Postal Service extended the lease contract on November 1, 2019, with Diana K. Alvarado the Contracting Officer. UCCH, LLC was the landlord. A copy of the 2019 extension is attached, hereto, as Exhibit B.

8. In June 2021, the Postal Service again extended the lease contract with David P. Rouse the Contracting Officer. The landlord was Plaintiff 3751 WESIX QOZ, LP. The Postal Service ended its occupancy of the Los Angeles Sanford Station when the extended lease contract expired on February 23, 2022.

9. The lease contract at issue is subject to the Contract Dispute Act (CDA) under 41 U.S.C. §7101-7109.

10. Plaintiffs 3751 WESIX exhausted all administrative remedies required under the CDA by submitting a certified claim to the Contracting Officer on September 18, 2025. The Contracting Officer denied 3751 WESIX'S claim on September 25, 2025. See Exhibit C, attached, hereto.

**The Accident**

11. United States Postal employee Yolanda Blackwell ("Blackwell") sued plaintiffs 3751 WESIX on September 9, 2023, in a tort action for premises liability from a slip and fall on June 18, 2021, due to broken tiles on the floor of the Postal Service station at 3751 W. 6th Street, Los Angeles, CA 90020-9998.

12. Blackwell filed her lawsuit in Los Angeles County Superior Court, case number 23STCV13237.

13. Blackwell's slip and fall on June 18, 2021, occurred during the Postal Service's lease, and occupancy, of 3751 W. 6th Street in Los Angeles, CA 90020-9998.

**Postal Service's Obligations Under the Lease Contract**

14. Plaintiffs 3751 WESIX fully performed each, and every, contractual obligation under the lease contract.

15. Defendant United States failed to perform its obligations under the lease contract, including

the Maintenance Rider because it failed to maintain the premises as required by the lease contract, including repair and replacement of the premises when broken.

16. The Maintenance Rider, at paragraph 1 reads,

"The Postal Service shall maintain the demised premises (including repair and replacement of items, if necessary), except for those items specifically made the responsibility of the landlord in Paragraph 3 below. The responsibility of the Postal Service as stated herein will be fulfilled at such time and in such manner as the Postal Service considers necessary to keep the demised premises in proper condition."

17. Paragraph 2 defines "demised premises" as including the premises described in the lease, the improvements and appurtenances to such premises and all equipment and fixtures furnished, or to be furnished, by the landlord under the lease.

18. Paragraph 3b, in the Maintenance Rider reads, the landlord is responsible for maintenance of, repairs to, and replacement of, if necessary, all structural elements, including but not limited to, the foundation, columns, bearing walls, floors, *not* including the floor covers. (Emphasis added).

19. The Postal Service's maintenance responsibility included the floor cover tiles as the latter was not the responsibility of the Plaintiffs landlord 3751 WESIX under paragraph 3b of the Maintenance Rider.

20. The Postal Service allowed the broken floor cover tiles to remain on the floor and did not fix the broken floor cover tiles that caused Postal Service employee Blackwell to fall and injure herself.

21. The Postal Service, under the lease, and Maintenance Rider, is responsible for Blackwell's personal injury, and corresponding damages in her lawsuit, because it failed to repair and replace the broken floor cover tiles in a timely manner, e.g., before Blackwell slipped and fell on the broken tiles.

22. Pursuant to the terms of the lease contract between Plaintiffs 3751 WESIX and the Postal Service, the United States is liable to Plaintiffs 3751 WESIX for the damages it paid to Blackwell because of her slip and fall.

**Breach of Contract**

23. Plaintiffs 3751 WESIX reallege and incorporate paragraphs 1 through 22, as if fully set forth herein.

24. The lease contract between Plaintiffs 3751 and the Postal Service constitutes a valid and

binding contractual agreement between Plaintiffs 3751 WESIX and the United States.

25. Defendant United States, by and through the actions of its Postal Service agency, breached the contract lease, including but not limited to the Maintenance Rider, by failing to repair and replace the broken floor tiles in a timely manner, e.g., before Blackwell slipped and fell on the broken tiles.

26. As a direct and proximate cause of Defendant United States's breach of contract Plaintiffs WESIX 3751 suffered damages in the amount of $240,000.

**Damages**

27. As a result of the Defendant United States' breach, Blackwell was unable to work for 27 months and received $6,100 monthly income after the incident.

28. Blackwell received $164,700.00 in monthly income before returning to work in January 2024.

29. Blackwell received workers' compensation payments during her 27-month absence at $3,200 per month.

30. The workers' compensation payments reduce Blackwell's wage loss claim by $86,400.

31. Blackwell's total wage loss claim is a sum certain at $78,300.

32. On November 19 and November 20, 2025, Blackwell and Plaintiffs 3751 WESIX, through its insurer, entered into an agreement to resolve Blackwell's wage loss claim for $78,300 and thereafter, fully resolved Blackwell's wage loss claim for $78,300.00.

33. In addition to the wage loss claim, Plaintiffs 3751 WESIX resolved all of Blackwell's remaining claims and causes of action from her accident, including but not limited to residual injury, remaining personal injury, past and future medical treatment, prior and current pain, suffering, trauma, anxiety, future pain and suffering, plus, all other general and special damages, for $161,700.

34. Plaintiffs 3751 WESIX seek monetary damages from Defendant United States for $240,000.00 resulting from the Postal Services' failure to perform its contractual obligations under lease contract number F00000399047, as set forth in this complaint.

**Prayer for Relief**

WHEREFORE, Plaintiffs 3751 WESIX respectfully request this Court enter judgment in its favor and against the United States, awarding the following relief:

A. Actual and compensatory damages in the amount of $240,000.00.
B. Pre-judgment and post-judgment interest as allowed by law.
C. Reasonable attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA).
D. Such other and further relief as this Court deems just and proper.

Dated: September 23, 2026

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Jason F. Meyer*
Jason F. Meyer, Admitted September 17, 2026
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
E-Mail: jmeyer@grsm.com

Attorney for Plaintiffs
3751 WESIX QOZ, LP, and 3751 WESIX QOZ, LLC ("3751 WESIX")